IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN BURNS                                                                    PLAINTIFF

V.                                    NO. 4:14-CV-0572 SWW

GRISHAM LAW FIRM,
AUDRIANNA GRISHAM, P.A.,
FORT ROOTS FEDERAL CREDIT UNION,
and JOHN AND JANE DOES 1 through 100,                                  DEFENDANTS

### Opinion and Order

Before the Court is a motion for summary judgment filed by Separate Defendant

Audrianna Grisham, P.A.  Plaintiff filed a response to the motion and defendant filed a reply.

The Court held a hearing on the motion on October 20, 2015.   For the reasons stated below, the

motion is granted.

### Background

While he was employed by the Veterans' Administration at Fort Roots Hospital in North

Little Rock, Arkansas, Plaintiff John Burns ("Burns") took out a loan with the Fort Roots

Federal Credit Union ("Credit Union").  He resigned from the Veterans' Administration and

became delinquent on his payments.  The Credit Union retained Defendant Audrianna Grisham,

P.A.[1] ("Grisham") to collect the debt because Burns was in default.  Unable to obtain personal

service on Burns, Grisham sought a Warning Order from the Sherwood, Arkansas, District

Court.  The court issued the Warning Order in February 2014, and in June 2014, the court

entered summary judgment in favor of the Credit Union.  Plaintiff Burns filed a motion to vacate

or set aside judgment, which was denied, and then Burns appealed the judgment to the Pulaski

County, Arkansas, Circuit Court.  Plaintiff Burns did not pursue the appeal and Grisham issued

---

[1]Audrianna Grisham, P.A. was incorrectly named as "Grisham Law Firm."  *See* Sep. Ans. of
Audrianna Grisham, P.A./Grisham Law Firm.

garnishments, which were served on Burns's employer, Arkansas Children's Hospital.  On September 25, 2014, Burns filed the present lawsuit in this Court.[2]

Plaintiff Burns's counsel contacted Grisham in October 2014 to point out that the loan documentation contained a 10% cap on recoverable attorney's fees and questioned Grisham's entitlement to the fees she received in the judgment.  Grisham confirmed the 10% cap and filed a pleading to amend the judgment from the district court, removing any entitlement to fees.  The court granted the motion and entered an amended judgment deleting any entitlement to attorney's fees.  Based on funds received by Grisham from the garnishments, the amended judgment was satisfied in full and the district court entered a Satisfaction of Judgment.  Grisham sent Burns a copy of the Satisfaction of Judgment and a check refunding money received in excess of the amount needed to satisfy the judgment.

In the complaint before the Court, Burns alleges Grisham violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Arkansas Deceptive Trade Practices Act ("ADTPA"),  Ark. Code Ann. § 4-88-101 *et seq*..  He also brings claims of fraud or constructive fraud and unjust enrichment.[3]

## Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477

---

[2]Plaintiff Burns settled his claims against separate defendant Fort Roots Federal Credit Union.

[3]Plaintiff Burns abandons his Racketeer Influenced and Corrupt Organizations Act and conspiracy claims.  *See* Pl's. Br. in Supp. of Resp. to Mot. Summ. J. at 16-17.

U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but "must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Id.* at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## Discussion

Plaintiff Burns alleges Grisham violated Section 1692e of the FDCPA by using deception and false statements to support serving him by Warning Order, obtaining a summary judgment against him, garnishing his wages, and collecting attorney's fees. Defendant Grisham moves for summary judgment, arguing there are no genuine issues for trial and that she is entitled to judgment as a matter of law.

The facts are undisputed that Grisham made repeated and numerous attempts to obtain personal service on Burns. The process server attempted to find Burns at different addresses that were reflected on checks Burns used to make payments to the Credit Union. When efforts to serve him personally failed, Grisham sought and obtained a Warning Order from the district court. The district court denied Burns's motion to set aside the summary judgment, and he filed

an appeal.  Plaintiff Burns did not follow through with the appeal[4] and Grisham issued

garnishments that were served on Burns's employer.

Subsequently, Burns's attorney contacted Grisham and pointed out that the loan

documentation contained a 10% cap on attorney's fees and questioned the amount of the

attorney's fee set forth in the summary judgment.  Thereafter, Grisham sought and obtained an

amended summary judgment which deleted any recovery of attorney's fees.  Grisham collected

no attorney's fees.

According to 15 U.S.C. § 1692e, a "debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt."  In *Heintz v.*

*Jenkins*, 514 U.S. 291, 299 (1995), the United States Supreme Court confirmed that the FDCPA

"applies to attorneys who 'regularly' engage in consumer-debt collection activity, even when

that activity consists of litigation."  However, the FDCPA has the "objective of preserving

creditors' judicial remedies," *Hemmingsen v. Messerli & Kramer*, 674 F.3d 814 (8th Cir. 2012),

and there is no evidence that Grisham did anything but perform legal services allowed by the

Act.  In *Hemmingsen, supra*, the Eighth Circuit dismissed a FDCPA claim against a lawyer for

alleged misrepresentations contained in pleadings and documents filed in a debt collection

lawsuit.  The court said: "In these circumstances, we have no difficulty affirming the dismissal

of these FDCPA claims on the merits.  It was not false or misleading to submit a client affidavit

and legal memorandum arguing M&K's legal position that Ms. Hemmingsen was liable for the

unpaid account balance . . . Nor has Ms. Hemmingsen produced any evidence that the state court

judge - or anyone else - 'was misled, deceived, or otherwise duped' by M&K's pleading."  674

F.3d at 819.

---

[4]During the hearing, Burns's counsel said the appeal is still active.

Service by Warning Order is specifically authorized by Rule 4 of the Arkansas Rules of Civil Procedure.  Grisham moved for a Warning Order in compliance with the rule.  There is no evidence that the affidavit in support of the contains misrepresentations, and even if it did, the affidavit was directed to the district court, not to Burns, as in the *Hemmingsen* case.

Plaintiff Burns's claim under the ADTPA is based on the same conduct he alleges violated the FDCPA.  The Arkansas Supreme Court has made it clear that the ADTPA does not apply to an attorney practicing law in undertaking debt collections.  *See Born v. Hosto & Buchan, PLLC*, 2010 Ark. 292, at *14-15, 372 S.W.3d 324, 334 (2010).  It is undisputed that Grisham was engaged in the practice of law in undertaking the debt collection on behalf of the Credit Union.  Therefore, the Court finds Burns has no cause of action against Grisham under the ADTPA.

Lastly, Burns alleges Grisham's conduct amounted to fraud or constructive fraud and that she was unjustly enriched.  There are no genuine issues of material fact in dispute over these claims.  Plaintiff Burns's unjust enrichment claim is based on his allegation that the Credit Union charged him a late fee of $10 when in fact his payment was not late.  His claim of fraud is based on his complaint that Grisham obtained service by publication.  Plaintiff Burns submits no fact to support a claim of fraud.

### Conclusion

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [ECF No. 22] is granted.  Plaintiff's claims against defendants are dismissed with prejudice.  Judgment will be entered accordingly.

DATED this 2nd day of November, 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE